ENDORSED
First Judicial District Court

AUG – 5 2020

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone: (602) 524-6602
   ps@strojnik.com
4

5
6

IN THE STATE OF NEW MEXICO
1st JUDICIAL DISTRICT SANTA FE COUNTY

7                                      Case No: D101CV202001701

8                                      **COMPLAINT**

9  PETER STROJNIK,
                              Plaintiff,

10
11     vs.

12  ASHFORD SANTA FE L.P. DBA
    HILTON SANTA FE HISTORIC PLAZA,
13
                              Defendant.
14

15

16  1.  Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42

17      U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department

18      of Justice Standards for Accessible Design ("ADAAG"), (2) New Mexico's Unfair

        Trade Practices Act and (3) common law of negligence and/or negligence per se.

19                                  **PARTIES**

20  2.  Plaintiff Peter Strojnik is an immigrant, a disabled veteran and a senior citizen.

21  3.  At all times relevant hereto, Plaintiff suffered from the following physical disabilities:

22      prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural

23      foraminal stenosis with symptoms of femoral neuropathy, missing right knee

24      ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and

25      wrists, pleurisy, hyper blood pressure.

26  4.  Plaintiff's physical infirmities alleged above do both of the following:

27
28

**EXHIBIT C**

a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

5. Plaintiff has a history of impairments stated in the preceding paragraph.

6. Plaintiff is regarded as having a physical conditions that limit major life activities.

7. Because of Plaintiff's disabilities, he requires the use of facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as these laws, standards and regulations relate to Plaintiff walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



8. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

9. The effect of Plaintiff's impairments on major life activities and, consequently, on the personal encounters with accessibility barriers at Defendant's Hotel, must be considered in their mitigated, unmitigated, active, inactive, remissive or non-remissive states. 2008 ADAAA and 28 C.F.R. 36.105.

2

10. Defendant owns, operates, leases, or leases to a lodging business located at 100 Sandoval St., Santa Fe, NM 87501 ("Hotel").

11. On or about May 24, 2020, Plaintiff travelled from his home to Albuquerque on the way to Santa Fe.

12. Prior to traveling to Santa Fe, Plaintiff reviewed numerous hotels' booking websites to help him determine which identified and described accessibility features in the hotel and the guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the given hotel or guest room met his accessibility needs.

13. Plaintiff reviewed the booking website for Defendant and discovered the following 28 C.F.R. 36.302(e)(1)(ii) identifications and disclosures:

| BOOKING WEBSITES – ACCESSIBILITY INFORMATION – REPRESENTATIONS AND OMISSIONS |
|---|
| https://www.hilton.com/en/hotels/sfehihf-hilton-santa-fe-historic-plaza/ |

**Accessible Amenities**

**Available accessible features include:**

- Accessible
- Accessible business center
- Accessible concierge desk
- Accessible elevators
- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible hotel restaurant
- Accessible meeting rooms
- Accessible parking
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to at least one restaurant
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool
- Alarms - Visual Strobe
- Bathroom doors at least 32 inches wide
- Bedroom doors at least 32 inches wide (812 mm)
- Closed captioning on televisions or closed captioning decoders
- Grab bars in bathroom

- Hotel complies with ADA Guidelines
- Hotel complies with the Americans with Disabilities Act of 1990
- Lower or Adjustable Closet Rod
- Lowered light switches
- Lowered peep hole in door
- Lowered thermostat controls
- Portable shower / bath board
- Public Areas/Facilities accessible for physically challenged
- Roll-in Shower
- Service animals welcome
- Strobe alarms
- Swimming pool hoist for pool access
- TTY for guest use
- Van-accessible parking in the self-parking facility

**The following features aren't available:**

- Accessible route from the hotel's accessible public entrance to the spa
- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Valet only parking



ACCESSIBLE ROOMS
https://www.hilton.com/en/book/reservation/rooms

**Your stay includes**   ✓ Non-smoking rooms  ✓ On-site restaurant  ✓ Outdoor pool  ✓ Fitness center
✓ Business center  ✓ Pet-friendly rooms

[ Room Filters ]   [ Special Rates ]   [✔ Accessible Rooms ]   [☐ Use Points & Money ]



2 Double Bed Deluxe Poolview

Book From $299



1 King Bed Junior Suite Poolview Ns

Book From $299

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









| Table 1 |
| --- |

14. Plaintiff lodged ad Defendant's competitor's place of lodging that was not ADA compliant and, therefore, visited Defendant's hotel to determine whether it would be suitable for future lodging.

15. Upon review of the Hotel's accessibility, Plaintiff noted that the Hotel was not compliant with the ADA and implementing regulations, 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

16. Plaintiff subsequently documented the following barriers to accessibility:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PERSONAL ENCOUNTERS WITH BARRIERS



Identification.



Inaccessible from street with no signage to accessible route.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible parking level too steep.



No marked passenger loading zone.



Inaccessible check in counter.



Inaccessible lobby seating.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible sundry items.



More inaccessible sundry items.



Inaccessible spa.



Improperly configured handrails.

| Identification of Specific Barrier in Plain Language: As indicate below each photo. |
| --- |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about May 24, 2020. |
| Table 2. |

17. Above documented inaccessible elements and routes directly interfere with Plaintiff's performance of major life activities including walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

18. Plaintiff realleges all allegations heretofore set forth.

19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted as alleged above.

20. Plaintiff visited Defendant's booking website and Defendant's Hotel and personally encountered ADA violations documented above as documented above.

21. Plaintiff further noted that allegedly accessible rooms are not properly dispersed among various categories of rooms in violation of the ADA.

22. The ADA violations described above relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

23. Plaintiff is deterred from conducting further business with the Hotel until the Hotel has become fully compliant with the ADA.

24. The removal of accessibility barriers listed above is readily achievable.

25. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

26. The issuance of injunctive relief will resolve, in part, Plaintiff's ADA claim.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## <u>COUNT II</u>
### (Violation of the New Mexico's Unfair Practices Act §§57-12-1 *et seq*)

27. Plaintiff realleges all allegations heretofore set forth.

28. New Mexico's Unfair Practices Act ("UPA") prohibits the use of unfair or deceptive trade practices as defined in 57-12-2.

29. Defendant's booking website makes the following representations and/or omissions:

    a. That the Hotel is accessible; and
    b. That the Hotel has accessible parking; and
    c. That the Hotel has accessible parking spaces for cars in the self-parking facility; and
    d. That the hotel has an accessible public entrance; and
    e. That the hotel has an accessible registration desk; and
    f. That the hotel has an accessible swimming pool (which includes a spa); and
    g. That the Hotel complies with ADA guidelines; and
    h. That the Hotel complies with the Americans with Disabilities Act of 1990.

30. In reliance on Defendant's representations, Plaintiff personally visited the Hotel on or about May 24, 2020, to determine whether the Hotel would be suitable for Plaintiff's lodging as advertised on the Hotel's website.

31. Plaintiff personally encountered accessibility barriers documented in Table 2. The accessibility barriers photographed by Plaintiff accurately reflect the condition of the Hotel and disclose that representations (a) through (h) above are false.

32. The representations are knowingly false. They are included in the booking website to lure unsuspecting disabled individuals to book a room at a non-ADA compliant hotel.

33. Plaintiff justifiably relied on Defendant's misrepresentations and was damaged thereby.

34. Defendant's conduct alleged in this Count and elsewhere in thic Complaint is reprehensible and requires a strong deterrent action in the form of punitive damages₁.

35. WHEREFORE, Plaintiff prays for relief pursuant to 57-12-10 as follows:

    A. Injunctive relief requiring Defendant to remediate its unfair and discriminatory practices; and

    B. For damages in an amount to be proven at trial, but in no event less than $35,000.00; and

    C. For punitive damages in an amount commensurate with Defendant's reprehensible conduct and the need for deterrence of similar conduct by others, but in no event less than $50,000.00; and

    D. For costs and attorney's fees; and

    E. For leave to amend this Complaint to add class action allegations; and

    F. For such other and further relief as the Court may deem just and proper.

## COUNT III
### Negligence

---

1 *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (N.M. App. 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187, 148 NM.* 442, 237 P.3d 744 (NM 2010). *See also Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*, "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

36. Plaintiff realleges all allegations heretofore set forth.

37. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

38. Defendant breached this duty.

39. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

40. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

41. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

42. Defendant's knowing and intentional persistence in discrimination against Plaintiff and similarly situated persons caused Plaintiff damage by preventing him from lodging at Defendant's Hotel.

43. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

44. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

[2] 42 U.S.C. §12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)

45. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

46. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

47. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

48. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

49. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

50. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

51. Plaintiff has been damaged by Defendant's negligence in an amount to be proven at trial, but in no event less than $35,000.00.

52. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

53. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future.

[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

54. By violating Plaintiff's civil rights. Defendant engaged in intentional, aggravated and outrageous conduct.

55. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

56. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

57. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $50,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence and/or negligence per se; and

    B.  For damages in an amount to be proven at trial; and

    C.  For punitive damages to be proven at trial; and

    D.  For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 20th day of July, 2020.

PETER STROJNIK

Plaintiff
7847 N. Central Avenue
Phoenix, AZ 85020
602-524-6602

STATE OF NEW MEXICO
COUNTY OF Santa Fe
FIRST JUDICIAL DISTRICT COURT

Case No.: D-101-CV-2020-01701

Peter Strojnik

**Petitioner/Plaintiff,**

vs.

Ashford Santa Fe L.P.

**This form must be
filled out.**

**Respondent/Defendant.**

## INTERPRETER FORM

1. Do you need an interpreter?: [ ] Yes   [X] No

2. An interpreter is requested for: [ ] Petitioner/Plaintiff [ ] Respondent/Defendant
    [ ] Witness in matter
    **(This party request is for the entire case.)**

3. The type of interpreter needed: [ ] Spanish   [ ] American Sign Language
    [ ]_____ speaker
    *(language)*

Dated: 8-10-20

A copy of this Request was:
[ ] mailed to the address set forth below
[ ] hand delivered to the address set forth below

On_____ to:
    *Date*
[ ] Petitioner/Plaintiff pro se
[ ] Respondent/Defendant pro se
[ ] Intervenor

_____
*(Street Address)*

_____
*(City, State and Zip Code)*

Peter Strojnik
*(Name)*

[X] Petitioner/Plaintiff Pro Se
[ ] Respondent/Defendant Pro Se
7847 N. Central Ave
*(Street Address)*
Phoenix AZ 85020
*(City, State and Zip Code)*
602 529 6602
*(Telephone Number – Indicate If None)*

FIRST  JUDICIAL DISTRICT COURT
COUNTY OF :SANTE FE
STATE OF NEW MEXICO

*D-0202-CV-*

PETER STROJNIK
         Plaintiff(s),
vs.
ASHFORD SANTA FE L.P. dba
Hilton Santa Fe Historic Plaza
         Defendant(s).

## COURT-ANNEXED ARBITRATION CERTIFICATION

(Party and Attorney) _____Peter Strojnik, self represented_____, pursuant to

**First**     Judicial District Local Rule 2-603, certifies as follows:

_____This party seeks <u>only a money judgment and the amount sought does not exceed</u>

twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney

fees.

__X__This party seeks relief <u>other than a money judgment and/or seeks relief in excess of</u>

twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney

fees.

         Signature:_____

         Printed Name:___**Peter Strojnik**_____

         Law Firm:___**Pro Se**_____

         Address:____**7847 N. Central Ave.**_____

         City/State/Zip:_____**Phoenix, AZ 85020**____

         Phone/Fax:_____602-524-6602_____

I hereby certify that an endorsed copy of the foregoing pleading was mailed or delivered to all parties
entitled to notice on this ___20th___ day of ___July_____, 20__20___
         Signature:_____

*03/26/2007*